JUDGE McMAHON

08 CV 5470

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
FRIENDSHIP INTERNATIONAL MANAGEMENT (SVG) INC.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax:  (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

RECEIVED
JUN 17 2008
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FRIENDSHIP INTERNATIONAL
MANAGEMENT (SVG) INC.,

                Plaintiff,

    v.

INDIAN SUGAR EXIM CORP.,

                Defendant.
-----------------------------------------------------------------X

08 CV ____ (____)

**<u>VERIFIED COMPLAINT</u>**

Plaintiff FRIENDSHIP INTERNATIONAL MANAGEMENT (SVG) INC. (hereinafter "FRIENDSHIP"), by its attorneys, Chalos, O'Connor & Duffy, as and for its Verified Complaint against the Defendant, INDIAN SUGAR EXIM CORP., (hereinafter "ISEC") alleges upon information and belief as follows:

<u>JURISDICTION</u>

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

2. At all times material hereto, plaintiff FRIENDSHIP was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address at Trust House, Bonadie Street, Kingstown, Saint Vincent.

3. The plaintiff FRIENDSHIP is the disponent owner of the vessel M/V HAN ZHONG MEN, and the business of FRIENDSHIP is to charter the M/V HAN ZHONG MEN to others for the carriage of cargo in exchange for payments of hire or freight.

4. At all times material hereto, defendant ISEC was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country operating under foreign law with an address at Ansal Plaza, C-Block (2nd Floor), Khel Gaon Marg, New Delhi – 110 049, India.

5. The defendant ISEC is engaged in the business of chartering and operating vessels for the carriage of goods by sea.

## AS AND FOR A CAUSE OF ACTION FOR BREACH OF MARITIME CONTRACT

6. On July 11, 2006, plaintiff FRIENDSHIP, as owner of the ocean-going vessel M/V HAN ZHONG MEN, entered into a charter party contract with defendant ISEC, as charterer, whereby defendant ISEC hired the M/V HAN ZHONG MEN for a shipment of cargo of bagged sugar from Kandla, India to Karachi, Pakistan.

7. The charter party contract between plaintiff FRIENDSHIP and defendant ISEC is a maritime contract.

8. The charter party maritime contract, at clause 50, stated that all cargo was to be discharged from the vessel at the charterers time, risk and expense and that in case of any claims for shortage /damages, the owners would present a standard PNI Club guarantee without the requirement of any bank/cash guarantee.

9. Also, the charter party maritime contract, at clause 23, included a rate of demurrage of $7,000 per day pro rata.

10. On August 29, 2006, the vessel the M/V HAN ZHONG MEN called at the port in Karachi, Pakistan and was ready to unload the cargo of bagged sugar.

11. However, the cargo receivers at first refused to take delivery of the cargo, alleging damage to the cargo.

12. Defendant ISEC did not provide any assistance, and, instead, in breach of clause 50 of the charter party maritime contract, insisted on a bank guarantee being furnished as security for their claim.

13. As a result of the cargo receivers' refusal to take delivery of the cargo, the vessel M/V HANZHONG MEN was idle from September 2, 2006 to September 28, 2006, and was on demurrage until October 10, 2006.

14. Despite due demand, defendant ISEC has currently not paid plaintiff FRIENDSHIP $185,325.00 in demurrage that is due and owing under the charter party maritime contract.

15. In addition clause 9 of the charter party maritime contract provides that the balance of 5% of the freight charge will be paid within 30 (thirty) days on completion of discharge and settlement of demurrage.

16. As the demurrage payment that is now due and owing has not been settled, defendant ISEC additionally owes the plaintiff FRIENDSHIP 5% of the freight, or $17,487.35.

17. Defendant ISEC's failure to make timely payment of the demurrage when it became due constitutes a breach of the maritime contract charter party and, therefore, plaintiff FRIENDSHIP has an *in personam* maritime claim against defendant ISEC for breach of maritime contract in the principal amount of $202,812.35.

18. The maritime contract charter party between the plaintiff FRIENDSHIP and defendant ISEC dated July 11, 2006, at clause 31, provided that any disputes arising out of the charter party maritime contract shall be governed by English law and shall be referred to arbitration in London.

19. Interest and costs, including attorneys' fees, are routinely awarded to the prevailing party in London arbitration because they are recoverable damages in arbitration pursuant to English law and the London Maritime Arbitration Association's rules.

20. In accordance with the terms and conditions of the charter party, the plaintiff FRIENDSHIP is preparing to initiate arbitration proceedings against defendant ISEC in London.

21. As best as can now be estimated, the plaintiff FRIENDSHIP expects to recover the following amounts in London arbitration from defendant ISEC:

    A. Principal Claim

| | |
|---|---|
| 1) Demurrage | $185,325.00 |
| 2) Unpaid Freight | $17,487.35 |
| Total Principal claim | $202,812.35 |

4

|   | B. | Estimated interest on claims:<br>3 years at 7.25% compounded quarterly | $ 48,785.90 |
|---|---|---|---|
|   | C. | Estimated attorneys' fees: | $ 50,000.00 |
|   | D. | Estimated arbitration costs/expenses: | $ 25,000.00 |
| **Total Claim** | | | **$326,598.25** |

## PRAYER FOR RELIEF

22.     Notwithstanding the fact that the liability of the Defendant is subject to determination by arbitration in London, there are now, or will be during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District and held by various parties, as garnishees.

23.     Plaintiff FRIENDSHIP believes that some of these assets, *to wit*: bank accounts; payments from the purchasers of other cargoes; freight and/or hire payments being made to other vessel owners U.S. dollars; freight and hire payments from other charterers or shippers of cargo; and/or Clearing House Interbank Payment System (CHIPS) credits; and/or funds being transferred through intermediary banks are located in this District in the possession of garnishees, namely banks or financial institutions located in New York.

24.     As set forth in the accompanying Declaration of Owen F. Duffy, the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

5

25.  Because this Verified Complaint sets forth an *in personam* maritime claim against the Defendant and because the Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, the requirements for a Rule B attachment and garnishment are met and Plaintiff seeks the issuance of process of maritime attachment so that it may obtain security for its claims against the Defendant and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment and/or award can be satisfied.

WHEREFORE, Plaintiff prays as follows:

A.  That the Defendant be summoned to appear and answer this Verified Complaint;

B.  That the Defendant not being found within this District, as set forth in the Declaration of Owen F. Duffy, then all of its assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to or claimed by the Defendant within this District up to the amount sued for herein be attached pursuant to Supplemental Rule B and to pay Plaintiff's damages;

C.  That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or the London arbitration panel, so that judgment may be entered in favor of Plaintiff for the amount of its claim with costs, *i.e.* **US$326,598.25**, and that a judgment of condemnation and sale be entered against the property arrested

and attached herein in the amount of Plaintiff's claim, plus costs to be paid out of the proceeds thereof; and

    D.    That Plaintiff has such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
         June 17, 2008

                                      CHALOS, O'CONNOR & DUFFY, LLP
                                      Attorneys for Plaintiff,
                                      FRIENDSHIP INTERNATIONAL
                                      MANAGEMENT (SVG) INC.,

By:    _____
           Owen F. Duffy (OD-3144)
           George E. Murray (GM-4172)
           366 Main Street
           Port Washington, New York 11050
           Tel:  (516) 767-3600
           Fax:  (516) 767-3605

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff,
FRIENDSHIP INTERNATIONAL MANAGEMENT (SVG) INC.
366 Main Street
Port Washington, New York 11050
Tel:  (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FRIENDSHIP INTERNATIONAL
MANAGEMENT (SVG) INC.,

                    Plaintiff,

         v.

INDIAN SUGAR EXIM CORP.,

                    Defendant.
-----------------------------------------------------------------X

08 CV _____ (___)

**VERIFICATION**

      Pursuant to 28 U.S.C. § 1746, Owen F. Duffy, declares under the penalty of perjury:

      1.    That I am a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, FRIENDSHIP INTERNATIONAL MANAGEMENT (SVG) INC., herein;

      2.    That I have read the foregoing complaint and knows the contents thereof;

      3.    That I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys; and

4. That the reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers' verification could not be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       June 17, 2008

                                 CHALOS, O'CONNOR & DUFFY, LLP
                                 Attorneys for Plaintiff,
                                 FRIENDSHIP INTERNATIONAL
                                 MANAGEMENT (SVG) INC.

By: _____
     Owen F. Duffy (OD-3144)
     366 Main Street
     Port Washington, New York 11050
     Tel: (516) 767-3600
     Fax: (516) 767-3605
     ofd@codus-law.com